# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 22-1734V

|  |  |
|---|---|
| CAROLE THERO, as Personal Representative of the ESTATE OF LAURIE RYAN,<br><br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>           Respondent. | Chief Special Master Corcoran<br><br>Filed: January 21, 2026 |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 23, 2022, Laurie Ryan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On February 25, 2025, following Ms. Ryan's death (reportedly from natural causes unrelated to her vaccine injury), Carole Thero was substituted as representative

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of Ms. Ryan's estate. Petitioner alleges that Ms. Ryan suffered a shoulder injury related to vaccine administration following an influenza vaccine Ms. Ryan received on November 2, 2020. Petition, ECF No. 1. On October 20, 2025, I issued a decision finding Petitioner entitled to compensation and awarding damages, following briefing by the parties. ECF No. 33.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,053.31 (representing $25,522.80 in fees plus $530.51 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 14, 2025, ECF No. 37. Furthermore, Petitioner filed a signed statement representing the no personal out-of-pocket expenses were incurred. ECF No. 37-5 at 1.

Respondent reacted to the motion on November 26, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 38. Also, on November 26, 2025, Petitioner indicated that she does not intend to file a substantive reply. ECF No. 39.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein.

Regarding the time billed, I note this case required additional briefing regarding entitlement and damages. *See* Petitioner's Motion for Ruling on the Record on Entitlement and Damages, filed June 13, 2024, ECF No. 26; Petitioner's Reply to Respondent's Response to Petitioner's motion, filed Aug. 28, 2024, ECF No. 29; Petitioner's counsel expended approximately 15.3 hours drafting the entitlement and damages brief and 4.80 hours drafting the responsive brief, for a combined total of 20.10 hours. ECF No. 37-2 at 3-4. I find this time to have been reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 37-3 at 1-8. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $26,053.31 (representing $25,522.80 in fees plus $530.51 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for**

**prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.